## Day et al. v. Maynard.

April 28, 1944.

Willis Staton for appellants.

P. B. Stratton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Sometime prior to 1924, Arminta Maynard died intestate, a resident of Pike County. It appears that her husband predeceased her, and at the time of her death she owned a tract of land in Pike County which is described in the record by corners and lines connecting them, but no courses or distances are given and for which reason we are unable to ascertain the acreage of the tract.

She left surviving her six children, who, together with two grandchildren, were her only heirs, and which made each heir the owner of a one-seventh undivided interest in the entire tract, the two grandchildren jointly inheriting their deceased parents' one-seventh interest. Appellant, Effie P. Day, and appellee, R. L. Maynard, are two of the surviving heirs of their mother, and the appellant, Thomas L. Day, is the son of his co-appellant, Effie P. Day.

In 1924, Effie P. Day and her then living husband, P. W. Day, borrowed from the appellee, R. L. Maynard, $500 and executed their joint note to him for that amount. Later, and after the death of P. W. Day, his surviving widow, Effie P. Day, borrowed from the Pikeville National Bank $350 for which amount she executed her note and a mortgage on her then undivided inherited interest in the tract of land to secure that debt which was stated in the mortgage to be a three-fourteenths. On June 18, 1929, the appellee, R. L. Maynard, filed an action in the Pike circuit court against P. W. Day and his wife, Effie P. Day, to recover judgment on the note they had executed to him to which no answer was filed, and a judgment by default was rendered in favor of plaintiff in that action. Later defendants therein appeared and entered motion to set aside the default judgment with a tendered answer by Effie P. Day in which she alleged that the note to her brother, the appellee, was executed for a debt exclusively one of her husband's and that she had signed the note only as his surety.

On a later date a motion was made by an attorney, who had filed the tendered answer—and who made the motion to set aside the default judgment—to withdraw the answer and for the default judgment to be rein-

stated upon conditions that no execution issue until the expiration of ninety days. Those motions were sustained and the default judgment reinstated and the action was stricken from the docket. On February 21, 1938, an execution was raised on that judgment and levied by the sheriff on all of the then undivided interest of Effie P. Day in and to her mother's tract of land. The execution, with the levy endorsed thereon, was returned to the office of the circuit court clerk without any attempt to make sale thereunder because of the mortgage which had been executed to the Pikeville National Bank. Whereupon appellee, the plaintiff in the levied execution, filed an equity action in the same court against appellant, Effie P. Day, and the Pikeville National Bank in which he alleged the foregoing facts and sought a sale of the undivided interest of Effie P. Day, upon which his execution had been levied. The Bank answered setting up its debt and asserting its mortgage lien on three-fourteenths interest of Effie P. Day in and to the tract of land which was the extent of the interest covered by its mortgage.

In 1929, the instant plaintiff, and appellant, Thomas L. Day, whom we have said is the son of Effie P. Day, purchased the one-seventh interest of Leslie Maynard, one of the heirs of Arminta Maynard, and in 1931, two years after he made that purchase, he conveyed that one-seventh interest to his mother for a recited consideration of $500. Those two deeds were put to record soon after their execution. In the meantime, and before Robert L. Maynard levied his execution, Effie P. Day had acquired the interest of one of the grandchildren of Arminta Maynard which with her inherited one-seventh made her the owner of three-fourteenths undivided interest in the entire tract; but after she acquired the one-seventh, or two-fourteenths, undivided interest from her son, Thomas L. Day, she then owned five-fourteenths undivided interest in the entire tract, and it was that interest upon which the execution in favor of R. L. Maynard was levied and which fact was averred in his petition.

Effie P. Day demurred to the equity petition of her brother which the court overruled, and she having declined to plead further, judgment was rendered ordering the sale of her five-fourteenths undivided interest which she then owned in her mother's land and which

was directed to be made by the Master Commissioner. It was also adjudged that the Bank had a superior lien on three-fourteenths of Effie P. Day's interest to satisfy its mortgage which was superior to the execution lien of appellee, R. L. Maynard. That judgment erroneously described the interest upon which R. L. Maynard's execution was levied limiting it to only three-fourteenths, the same estate that was mortgaged to the Bank, when in truth his levy had been made—as was shown by the record—upon the additional two-fourteenths undivided interest that she had purchased from her son, the appellant, Thomas L. Day. So, the plaintiff in that equity action (R. L. Maynard) gave notice to Effie P. Day that he would on a named day move the court to correct the judgment so as to include the entire interest upon which his execution had been levied. The court sustained that motion and made the correction in accordance with the facts appearing in the record. The Commissioner sold the land, pursuant to the corrected judgment, and R. L. Maynard purchased the five-fourteenths interest of Effie P. Day at the Commissioner's sale for the price of $1,025.31, which was the aggregate amount of his debt and the one of the Pikeville National Bank, plus costs. That sale by the Commissioner was reported and confirmed and deed ordered to be made to the purchaser, he having satisfied the debt of the Bank as well as his judgment against his sister, Effie P. Day. In the meantime R. L. Maynard acquired the interest of all of the other heirs except two, and after his decretal purchase he and those two agreed upon a division of the entire tract in proportion to their respective interests, his equity action having, in the meantime, been stricken from the docket.

On January 6, 1941, the instant action was filed by Thomas L. Day in the same court against his mother; his uncle, R. L. Maynard, and three other of the Maynard heirs, seeking to set aside the deed, supra, that he executed to his mother in 1931, on the ground that his father had by persuasion induced him to make it in order to preserve it and to keep him from squandering it, since he at that time indulged in the use of alcoholic liquors and also, as it appears in proof, because he had indulged relationships with a woman whom he anticipated might sue him and recover a judgment. The latter fact was not alleged in the pleadings but appears from the tes-

timony of Effie P. Day. Plaintiff alleged that no consideration was paid to him by his mother and that he did not know that the deed he executed to her had ever been recorded. He, however, did not specifically allege that his uncle, R. L. Maynard, knew any of the conditions upon which he conveyed his interest to his mother, and there is no proof that any such knowledge was possessed by the uncle. On the contrary, it is undisputably shown that he believed that the sale was made on the conditions and terms stated in the deed. Effie P. Day, a defendant in the instant action, answered adopting the allegations of her son's petition, and she made her pleading a cross petition against her co-defendant, R. L. Maynard, in which she attempted to assert a homestead exemption in her undivided interest in her mother's landed estate which would consume all of its sale price at the decretal sale except $25.31, but not to prevail against the mortgage of the Pikeville National Bank as to three-fourteenths of her interest. Both she and her son alleged that the judgment which her brother obtained against her was void, since she did not authorize the withdrawal of her answer therein, although it was made and done by her attorney, and they also asserted in their pleadings that the judgment of sale in the equity action was void because the court had no right to correct the judgment in the manner hereinbefore stated so as to include the two-fourteenths interest which the mother obtained from her son.

The court sustained a demurrer to the petition as well as to the cross-petition of Effie P. Day and dismissed each of them, to reverse which they prosecute these two separate appeals, whereby a large part of the record was unnecessarily duplicated. The pleadings are so mixed and confused that we have had great difficulty in ascertaining the facts and the chronological order in which they occurred; but after laborious efforts we are convinced that we have correctly stated them.

Clearly this action is a collateral attack on the two judgments, one rendered in the ordinary action of R. L. Maynard against his sister, and the other an equity action to enforce the execution lien, and unless some of the matters complained of rendered those judgments void, the errors, if any, were correctible only by an appeal from those judgments to this court.

The first complaint which is claimed to render the

judgment in the ordinary action void, is the withdrawal of Effie P. Day's answer therein and the reinstatement of the default judgment theretofore rendered in that case. Clearly that action of the court did not have the effect to deprive it of jurisdiction to entertain and to uphold the motion of counsel to withdraw defendant's answer therein and to reinstate the default judgment. An appeal from the supplemental judgment was the only way by which any error, if any, in that respect could be corrected. Effie P. Day appeared in the equity action, in which she was summoned and demurred to the appellee's petition therein, which the court overruled and she declined to plead further. That action called upon her to make any and all defenses she then possessed against the relief sought by the plaintiff in his petition, which was a sale of her entire undivided interest in and to her mother's landed estate which, as we have said, had been levied on by an execution issued upon the judgment rendered in the ordinary action, and to the payment of plaintiff's judgment with the proceeds. She failed in that case to assert any homestead right even if she had been entitled to such relief, and under the doctrine of res judicata her right to later assert such claim became barred, and which renders it unavailable to her in this collateral attack on that judgment.

Neither can Thomas L. Day, nor his mother, rely upon no consideration for the deed which the former executed to the latter in 1931 conveying to her one-seventh, or two-fourteenths, interest in the tract of land of Arminta Maynard, or to now contend for and assert any alleged trust agreement with reference to that transaction as against R. L. Maynard who possessed no knowledge of such facts. It is furthermore claimed by Effie P. Day that she was not summoned on the cross-petition filed in the equity action by the Pikeville National Bank and for that reason the judgment rendered in that action is void; but there was no personal judgment rendered against her on that cross-petition, but only an enforcement of the mortgage lien against three-fourteenths interest of Effie P. Day in and to her deceased mother's land. Other various and divers contentions made by plaintiff and his mother are equally immaterial as those to which we have made reference, they approaching much less toward materially than the ones we have discussed.

The court therefore concluded that both the petition of Thomas L. Day and the cross-petition of his mother, Effie P. Day, were each groundless, and dismissed both of them. We unhesitatingly coincide with that conclusion. Wherefore, the judgment is affirmed.